R. Joseph Trojan  CA Bar No. 137,067
(trojan@trojanlawoffices.com)
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:   310-777-8348

Attorneys for Plaintiffs,
TOKAI CORP., SCRIPTO-TOKAI CORP.,
and CALICO BRANDS, INC.

Ivan Posey  CA Bar No. 196,386
(ivan.posey@chanlaw.com)
CHAN LAW GROUP
1055 West Seventh Street, Suite 1880
Los Angeles, CA 90017
Telephone:  213-624-6560
Facsimile:  213-622-1154

Attorneys for Defendant,
BEACON POWER POWER, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

|  |  |
|---|---|
| TOKAI CORP., a Japanese corporation, SCRIPTO-TOKAI CORP., a Delaware corporation, CALICO BRANDS, INC., a California corporation, | CASE NO. EDCV 07-00566 SGL (OPx) **STIPULATED PROTECTIVE ORDER** |
| Plaintiffs, | |
| v. | |
| BEACON POWER CORP., a California corporation, | |
| Defendant. | |

Subject to the approval of this Court, the parties hereby stipulate to the following Protective Order.

## I.   GOOD CAUSE STATEMENT

Federal Rule of Civil Procedure Rule 26(c) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order.  The party seeking such an order must demonstrate a particular and specific need for the protective order.  Gray v. Rodewald, 133 F.R.D. 39,40 (N.D. Cal. 1990).

A protective order that focuses on preventing disclosure of particular information, *e.g.* confidential business information, where disclosure would "likely cause serious harm," is supported by good cause.  Hayden v. Siemens Medical Systems, Inc., 106 F.R.D. 551, 556 (S.D.N.Y. 1985).  To support a showing of good cause, however, a protective order must be sufficiently tailored in the information it seeks to protect, *e.g.* by designating certain classes or types of information. Id.

A "blanket" protective order, as opposed to a broader "umbrella" protective order, "permits the parties to protect documents that they in good faith believe

contain trade secrets or other confidential commercial information.  Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, especially in cases between direct competitors."  <u>Bayer AG and Miles Inc. v. Barr Laboratories, Inc.</u>, 162 F.R.D. 456, 465 (S.D.N.Y. 1995).

As direct business competitors in the utility lighter market, the parties' proposed Protective Order was drafted specifically to protect the disclosure of each party's commercially sensitive information and confidential business information. Confidential information under this agreement is specifically defined below. Such information, under the proposed Protective Order, may be designated CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY, and is open to challenge by any party.

Based on the foregoing demonstration of good cause in support of the parties' [Proposed] Stipulated Protective Order, this Order should be granted by the Court to protect the parties' confidential business information.

## II.     STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their respective counsel, that the Court enters this Stipulation and Protective Order, pursuant to Fed. R. Civ. P. 26(c) and 29(2) in order to protect certain confidential information that may be produced during discovery and trial in

this action.

1.     The use or disclosure of confidential documents that the parties to this Stipulation and Protective Order or any third party produces or discloses in the above captioned case shall be subject to the terms of this Stipulation and Protective Order.

2.     The term "trade secrets" shall be defined in accordance with California Civil Code § 3426.1 as any "information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

(1)     Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

(2)     Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

3.     The term "Confidential Information" shall mean and include any and all documents, information or other materials of the producing party that are and have been maintained in confidence, including, but not limited to, trade secrets, customers lists, sales or purchase information, and other proprietary information, that are designated as "Confidential" at the time of their production or disclosure in this action or within 10 days after this Stipulation and Protective Order is signed by the Court, or as otherwise provided herein.

-4-

a.      In connection with the production of documents by any party hereto, Confidential Information shall be indicated by conspicuously marking "CONFIDENTIAL" on all pages of the document in which such Confidential Information is contained and Confidential Attorney's Eyes Only Information, as defined herein, shall be indicated by conspicuously marking "CONFIDENTIAL ATTORNEY'S EYES ONLY" on all pages of the document in which such Confidential Attorney's Eyes Only Information is contained.  Such markings shall be made prior to the transmission of a physical copy of such document to the party requesting such document.

b.      In connection with responses to Interrogatories and responses to Requests for Admissions and Requests for Production containing Confidential Information or Confidential Attorney's Eyes Only Information, the title page of the document containing the responses shall be marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY."

c.      In connection with deposition testimony which may contain Confidential Information or Confidential Attorney's Eyes Only Information, any attorney for a party who believes that questions put to a witness being deposed will disclose Confidential Information or Confidential Attorney's Eyes Only Information of the party represented by that attorney, or that the answer to any question(s) requires such disclosure, or documents to be used as exhibits during the

examination contain Confidential Information or Confidential Attorney's Eyes Only Information of the party represented by that attorney, may request that the portion(s) of the deposition disclosing Confidential Information or Confidential Attorney's Eyes Only Information shall be taken in the presence of only the testifying witness, the attorneys for each party, the court reporter, and those qualified under this Stipulation and Protective Order to have access to the Confidential Information or Confidential Attorney's Eyes Only Information. Transcripts of such portion(s) of the deposition shall be separated from the non-confidential portion(s), and shall be securely sealed in an envelope by the officer reporting such deposition.  Both the transcript and the envelope shall be marked:

> CONFIDENTIAL UNDER PROTECTIVE ORDER
> The information and data contained in this
> envelope is protected against any use, disclosure,
> display or revelation thereof by an Order of the Court.

The officer shall provide copies of the confidential portion(s) of the deposition transcript only to the attorneys of the parties to this Stipulation and Protective Order and to the testifying witness.

    4.    Confidential Information or Confidential Attorney's Eyes Only Information shall not include any document, information or other material which:

    a.    is, at the time of disclosure, in the public domain by publication or otherwise;

b.      becomes at any time, through no act or failure to act on the part of the recipient party, part of the public domain by lawful publication or other lawful act;

c.      is already in the possession of a party at the time of disclosure and was not acquired directly or indirectly from the disclosing party; or

d.      is or was made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party to this litigation claiming its confidential nature.

5.      The following persons may have access to Confidential Information in this action:

a.      The following designate for each of the parties:

(1)      For TOKAI CORP., SCRIPTO-TOKAI CORP. and

CALICO BRANDS, INC. (hereinafter "TOKAI"): Felix

Hon;

(2)      For BEACON POWER CORP.: Michael G. Forys;

b.      The following law firms:

(1)      For TOKAI:

TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills California 90212

(2)      For BEACON POWER CORP.:

-7-

CHAN LAW GROUP
1055 West Seventh Street, Suite 1880
Los Angeles, CA 90017

c.      Court personnel, stenographic reporters, and videographers engaged in proceedings incident to this litigation, including preparation for trial or trial; and

d.      Clerical personnel and paralegal assistants employed by the law firms identified in Section 5b above or contracted by such firms;

e.      Experts employed by the law firms identified in Section 5b above or contracted by such firms;

f.      If a party to this Stipulation and Protective Order seeks to qualify persons to receive Confidential Information or Confidential Attorney's Eyes Only Information of another party or parties, other than those persons identified in 5(a-e), the party shall nominate such person(s) to whom disclosure of Confidential Information or Confidential Attorney's Eyes Only Information may be made as follows:

(i)      Each such nominee shall be particularly identified by written notice to the attorneys of all parties.  To this Stipulation and Protective Order, such notice shall include a brief description of the nominee's purpose in being provided with the Confidential Information or Confidential Attorney's Eyes Only Information and the nominee's curriculum vitae.

-8-

(ii)     Within ten (10) days after receipt of such notice, any undersigned party, for good cause, may oppose the nomination by serving a written objection to the nomination.  The written objection shall state with specificity the grounds upon which the opposing party objects to the nomination.

(iii)     Once an objection is served, the party seeking the nomination shall not disclose any Confidential Information or Confidential Attorney's Eyes Only Information of the objecting party to the nominee unless 1) the objecting party agrees in writing to the disclosure; or, 2) a Court Order permits the disclosure.  The party seeking the nomination shall have the burden of moving for a Court Order to permit the disclosure.

(iv)     Any person as may be hereafter qualified to receive Confidential Information or Confidential Attorney's Eyes Only Information, pursuant to paragraph 5.f above (1) shall not retain copies of such Confidential Information or Confidential Attorney's Eyes Only Information in tangible or machine readable form after termination of proceedings in this litigation, shall not use such Confidential Information or Confidential Attorney's Eyes Only Information other than in connection with this case and shall not disclose such Confidential Information or Confidential Attorney's Eyes Only Information to anyone not authorized under this Stipulation and Protective Order; and (2) must

agree to be bound by the terms of this Stipulation and Protective Order by executing Exhibit A attached hereto.

6.      Confidential Information or Confidential Attorney's Eyes Only Information of another party to this Stipulation and Protective Order shall not be disclosed to anyone other than those persons to whom disclosure is permitted pursuant hereto and shall not be used for any purpose other than in connection with the prosecution or defense of this action.

7.      The signing of this Stipulation and Protective Order or the failure of a party, at the time it receives Confidential Information or Confidential Attorney's Eyes Only Information, to challenge or object to the confidential designation shall not be deemed a waiver of its right to challenge or object to the confidential designation at any later time.  Notwithstanding any other provision herein, any party to this Stipulation and Protective Order may designate any of its documents, things or information as Confidential Information or Confidential Attorney's Eyes Only Information at any time, provided the documents, things or information so qualify.  No party shall be liable to the designating party for any disclosure or use of the other party's Confidential Information or Confidential Attorney's Eyes Only Information prior to such designation or notice.

8.      All persons to whom Confidential Information or Confidential Attorney's Eyes Only Information of another party to this Stipulation and

-10-

Protective Order is disclosed shall consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the terms of this Stipulation and Protective Order, as is evidenced by the statement admitting to such jurisdiction set forth in Exhibit A.

9.     Any person subject to this Stipulation and Protective Order and in possession of Confidential Information or Confidential Attorney's Eyes Only Information of another party shall exercise reasonable and appropriate care with regard to the storage, custody or use of Confidential Information or Confidential Attorney's Eyes Only Information in order to ensure that the confidential nature of the same is maintained.

10.     In the event that any Confidential Information or Confidential Attorney's Eyes Only Information of another party to this Stipulation and Protective Order is subject to any subsequent subpoenas, written notice shall be given to the party that produced the Confidential Information or Confidential Attorney's Eyes Only Information at issue within ten (10) business days of the service of such subpoena, and if production is being sought under any such subpoena in less than ten (10) business days, notice shall be given as soon as practicable.

11.     If Confidential Information or Confidential Attorney's Eyes Only Information of another party is disclosed to anyone other than in a manner

authorized by this Stipulation and Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party originally producing the Confidential Information or Confidential Attorney's Eyes Only Information and make reasonable efforts to prevent further disclosure by the recipient of the Confidential Information or Confidential Attorney's Eyes Only Information.   In the event any Confidential Information or Confidential Attorney's Eyes Only Information of another party is disclosed inadvertently, without the applicable CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY designations, the disclosing party shall be entitled to provide notice to all other parties to this Stipulation and Protective Order that the inadvertently disclosed information is to be deemed CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY, and such information will thereafter be treated as Confidential Information or Confidential Attorney's Eyes Only Information under the terms of this Stipulation and Protective Order.   However, no recipient of Confidential Information or Confidential Attorney's Eyes Only Information of another party that is inadvertently not properly marked as such shall be liable for any disclosure or use prior to the time of receipt of notice of the confidential character of such information.

12. Nothing contained herein shall prevent the use of the Confidential Information or Confidential Attorney's Eyes Only Information of another party at

-12-

any hearing, trial or proceeding in this case, or in or with any written submissions to the Court in connection with this litigation, or any appeal relating thereto, provided that the parties to this Stipulation and Protective Order shall take appropriate measures to maintain their confidentiality, including filing under seal written submissions to the Court that include such Confidential Information or Confidential Attorney's Eyes Only Information. The parties to this Stipulation and Protective Order shall make reasonable efforts to minimize filings under seal and shall place Confidential Information or Confidential Attorney's Eyes Only Information only in attachments whenever possible.

13.    In the event that any written submissions to the Court include materials containing Confidential Information or Confidential Attorney's Eyes Only Information, the Confidential Information or Confidential Attorney's Eyes Only Information shall be filed in securely sealed envelopes or other securely sealed containers accompanied by an application to file the papers -- or the confidential portion thereof -- under seal pursuant to Local Rule 79-5.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.  Additionally, the envelopes or containers shall indicate:

    a.    the title of the action;

    b.    brief description of the contents; and,

c.     shall be marked as follows:

CONFIDENTIAL UNDER PROTECTIVE ORDER

The information and data contained in this

envelope is protected against any use, disclosure,

display or revelation thereof by an Order of the Court.

14.    When Confidential Information or Confidential Attorney's Eyes Only Information of another party to this Stipulation and Protective Order is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons qualified to have access are present.

15.    When Confidential Information or Confidential Attorney's Eyes Only Information is incorporated in a transcript of a deposition, the disclosing party shall arrange with the reporter to preserve the confidentiality of such information in accordance with Section 3(c) and/or Section 16 hereof.

16.    Confidential Information or Confidential Attorney's Eyes Only Information disclosed at a deposition may be designated as confidential by either (a) indicating on the record at the deposition that the testimony is Confidential Information or Confidential Attorney's Eyes Only Information or (b) notifying the opposing party in writing within ten (10) business days of the receipt of the transcript of those pages and lines that are confidential.  Until such time period passes, all parties shall treat the deposition transcript as confidential.

-14-

17.    In addition to the above restrictions, any party to this Stipulation and Protective Order shall have the further right to designate documents, information or materials that otherwise constitute Confidential Information and that relate to (a) its financial information, (b) its current research and development efforts, (c) its products in development or not yet commercially introduced, (d) its current business strategies, (e) the identity of its customers and/or suppliers, (f) its trade secrets and/or (g) any other material a party reasonably believes contains competitively sensitive business or technical information as being "CONFIDENTIAL ATTORNEY'S EYES ONLY INFORMATION."  All such designated documents, information or materials shall be treated as Confidential Information except that CONFIDENTIAL ATTORNEY'S EYES ONLY INFORMATION may be shown only to those law firms and individuals authorized to access Confidential Information under Section 5(b-e) above, and may not be further disclosed to any party under Section 5(a) above or anyone else without the written agreement of the party producing the document, information or material.

18.    Any party to this Stipulation and Protective Order may at any time notify in writing the other parties to this Stipulation and Protective Order of its objection that a portion or all of the information designated as Confidential Information or Confidential Attorney's Eyes Only Information is not entitled to protection under the terms of this Stipulation and Protective Order.  Such notice

may also be provided upon the record of a deposition. The written notice shall contain a particularized description of the documents or information that the party is objecting to and state the grounds for the objection. The parties shall attempt, in good faith, to resolve any disputes concerning Confidential Information or Confidential Attorney's Eyes Only Information, by informal negotiation. If such negotiation fails to resolve the dispute within five (5) days of receipt of the written notice, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. If the parties wish to file a Joint Stipulation, required by Local Rule 37, under seal, the parties may file a stipulation to that effect or the moving party may file an *ex parte* application making the appropriate request. The parties must set forth good cause in the stipulation or *ex parte* application as to why the Joint Stipulation or portions thereof should be filed under seal. The information shall remain as designated until the Court has ruled upon the motion or the parties have agreed otherwise. Any Order requiring disclosure shall be drawn as narrowly as possible to protect the interests of all parties concerned.

19.   Nothing herein shall prevent disclosure if each party designating information as CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY INFORMATION consents in writing to such disclosure.

20.     General disclosures of information shall not be deemed to place more specific disclosures of information concerning the same subject into the public domain.

21.     This Stipulation and Protective Order is not intended to deal with any discovery objections on the grounds of relevancy, attorney-client privilege or work product, or other evidentiary grounds, or to preclude any party to this Stipulation and Protective Order from seeking relief either from a provision of this Stipulation and Protective Order or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Nothing herein shall be construed as to limit any parties' ability to object to any discovery request, redact highly sensitive, proprietary, and/or trade secret information, or withhold production of document(s) which contain highly sensitive, proprietary, and/or trade secret information.   In the event that information is redacted and/or withheld from disclosure, the party requesting the information may move for an Order compelling further disclosure of the redacted and/or withheld information.  Upon written request by the moving party during a motion to compel, an unredacted copy of the information sought shall be lodged with the Court, under seal, for an *in camera* inspection by the Court.

22.     This Stipulation and Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties

-17-

hereto without involving the Court unnecessarily in the process.  Nothing in this Stipulation and Protective Order nor the production of any information or document under the terms of this Stipulation and Protective Order nor any proceedings pursuant to this Stipulation and Protective Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

23.    The obligations of this Stipulation and Protective Order shall survive the termination of the action and continue to bind the parties, their counsel and anyone else who obtained CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY INFORMATION pursuant to this Stipulation and Protective Order. Within sixty (60) days after the final termination of this action by judgment, settlement or otherwise and/or exhaustion of all rights of appeal, all CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY INFORMATION documents and copies thereof within the possession, custody or control of any person to whom use or disclosure of any Confidential Documents has occurred (other than the Court) as a result of this Stipulation and Protective Order, shall be returned to the counsel for the party that produced the designated documents.  Counsel for the party that received the designated documents has the option of destroying the designated documents provided that counsel who elects to

do so certifies in writing to the counsel for the party that produced the designated documents that such destruction has occurred.

24.     Nothing in this Stipulation and Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course thereof, referring or relying generally upon his or her examination of documents or information designated CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the content of such information or documents contrary to the terms of this Stipulation and Protective Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

25.    The parties to this Stipulation and Protective Order and their counsel agree that they will be bound by the terms of this Stipulation and Protective Order as soon as they sign this document, irrespective of when the Court actually signs it.


SO STIPULATED.

TROJAN LAW OFFICES
by


Date: February_____, 2008        _____

R. Joseph Trojan
Attorneys for Plaintiffs,
TOKAI CORP., SCRIPTO-TOKAI CORP. and
CALICO BRANDS, INC.


CHAN LAW GROUP
by


Date: February_____, 2008        _____

Ivan Posey
Attorneys for Defendant,
BEACON POWER CORP.


SO ORDERED.


Date: 3/4/08        By: _____

Hon. Oswald Parada
U.S. Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## EXHIBIT "A"

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, acknowledge that I have read the Stipulation for Protective Order and Order entered in the United States District Court for the Central District of California on _____, in *Tokai Corp., et al. v. Beacon Power Corp.*, CASE NO. EDCV 07-00566 SGL (OPx), and understand the terms thereof, and agree to be bound by such terms.  I shall not disclose documents or information designated as "Confidential" or "Confidential Attorney's Eyes Only" pursuant to this Protective Order except as may be specifically permitted by such Order and will use the documents or information solely for purposes of this litigation in accordance with such Order.


Dated: _____        _____
                                                          (signature)


                                                 _____
                                                          (print name)